IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FASTVDO LLC,**<br><br>           Plaintiff,<br><br>     v.<br><br>**UNITED TECHNOLOGIES CORPORATION,**<br><br>           Defendant. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff FastVDO LLC ("FastVDO") alleges as follows:

## PARTIES

1.     FastVDO is a Florida limited liability corporation with a principal place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931.

2.     On information and belief, United Technologies Corporation ("UTC") is a Delaware corporation with a principal place of business at One Financial Plaza, Hartford, Connecticut, 06103.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over UTC because, among other reasons, UTC is incorporated under the laws of the State of Delaware, and UTC has conducted and continues to conduct regular and ongoing business in Delaware.  Additionally, on information and belief, UTC has committed direct and indirect acts of infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, among other reasons, UTC is incorporated under the laws of the State of Delaware, and UTC has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, UTC has committed direct and indirect acts of infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

## COUNT I

### (Infringement of U.S. Patent No. RE 40,081)

6. FastVDO is the owner by assignment and merger of United States Patent No. RE 40,081 ("the '081 patent"), entitled "Fast Signal Transforms With Lifting Steps."  The '081 patent reissued on February 19, 2008, based on an initial application filed December 16, 1998.  A true and correct copy of the '081 patent is attached hereto as Exhibit A.  The '081 patent enables digital video compression through the coding and decoding of blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor.  International Telecommunications Union – Telecommunication Standardization Sector (ITU-T) H.264 (also known as MPEG-4 Part 10, Audio Video Coding or AVC) (herein "H.264" or "MPEG-4 AVC") is a video compression standard that performs digital image compression by coding and decoding blocks of digital image intensities with a block coder and with a transform coder that includes an invertible linear transform, which is representable as a cascade using at least one +/-1 butterfly step, at least one lifting step, and at least one scaling factor.  The FastVDO patent is essential to the H.264 standard, and it was properly identified to the International Telecommunications Union on May 14, 2003, before the promulgation of the H.264 standard in March 2005.

7. On information and belief, in violation of one or more provisions of 35 U.S.C. § 271, UTC has infringed one or more claims of the '081 patent by making, using, importing, selling, or offering to sell video surveillance products, video management products, software and

services that use H.264 to code and decode video, including, but not limited to Legend IP Cam, UltraView Cam IP, UltraView EVP Encoder 10/Decoder 10, UltraView EVP Recorder 40/40D, UltraView EVP Recorder 60, UltraView EVP Recorder 80, TruVision Megapixel IP Cameras (TVC-M1120-1-N, TVC-M2110-1-N), TVD-M1120-3-N, TVD-M2110-2-N), TruVision DVR 10 4-channel H.264 DVR recorder, Lenel NVR7, OnGaurd 6.5 software, and Prism 1.1 software. Additionally, UTC has had knowledge of the '081 patent since November 8, 2012,[1] or alternatively since being served with this complaint, and UTC has induced its customers to code and/or decode video with H.264 and practice the method steps of the '081 patent since this time with its marketing materials, advertising materials, manuals and customer support services.  For example, UTC advertises that its TruVision DVR 10 digital video recorder "provides users with a cost-effective surveillance solution that enable users to conveniently view, record and play back recorded video.  With 4-channel capability and H.264 video compression, this DVR efficiently records and transmits high quality video for reliable and effective security." *See* Exhibit C at 1.  UTC also advertises that its TruVision Megapixel IP Cameras "utilize H.264 compression technology with dual-streaming capability, making it easy to manage the camera's bandwidth usage." *See* Exhibit D at 1.  Similarly, UTC's Ultraview series IP cameras are advertised as featuring "advanced, powerful H.264 compression". *See* Exhibit E at 1.  These representative marketing materials exemplify how UTC induces its customers to use its accused products to code and/or decode videos with H.264 to perform the method steps of the '081 patent (e.g., coding and decoding blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor).  By continuing the representative aforementioned activities with knowledge of the '081 patent and its essentiality to the H.264 standard, UTC has known, or should have known, that it was inducing infringement by causing the method steps of the '081 patent to be performed.

---

[1] *See* Exhibit B.

## PRAYER FOR RELIEF

FastVDO prays for the following relief:

1. A judgment that UTC has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '081 patent;

2. A judgment that UTC has induced the infringement of one or more claims of the '081 patent;

3. A permanent injunction enjoining UTC and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the '081 patent;

4. An award of damages resulting from UTC's acts of infringement in accordance with 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to FastVDO its reasonable attorneys' fees;

6. A judgment and order requiring Rovi to provide an accounting and to pay supplemental damages to FastVDO, including without limitation, pre-judgment and post-judgment interest; and

7. Any and all other relief to which FastVDO may show itself to be entitled.

## DEMAND FOR JURY TRIAL

FastVDO demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: November 9, 2012 | FARNAN LLP |
| | |
| | /s/ Brian E. Farnan |
| | Joseph J. Farnan, III (Bar No. 3945) |
| | Brian E. Farnan (Bar No. 4089) |
| | 919 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| | (302) 777-0300 |
| | bfarnan@farnanlaw.com |
| | |
| | *Attorneys for Plaintiff* |
| | *FastVDO, LLC* |

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
Kevin P. Burke
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
agiza@raklaw.com
mfenster@raklaw.com
kburke@raklaw.com